UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE CHEATEM, ODESSA JEFFERSON, EVIE TROTTER, LINDA REED, SHIRLEY SMITH, WENDI WADDY, COVETTE HAMILTON, DENISE HAYES, MARY STACK, TRESSA MCMILLAN, EDNA KELLEY, THORNELL HUNTER, CAROLYN KELLY, LISE ERMON, MARGARET STORY | ) ) ) ) ) ) ) ) ) ) ) | Case Number: 10-cv-6158<br><br>Judge Blanche Manning |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, and ACADEMY FOR URBAN SCHOOL LEADERSHIP | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO CONSOLIDATE AND FOR LEAVE TO FILE AN AMENDED COMPLAINT

NOW COME the Plaintiffs, Margaret Story, Denise Hayes, Thornell Hunter, Odessa Jefferson, Evie Trotter, Linda Reed, Shirley Smith, Wendy Waddy, Covette Hamilton, Mary Stack, Tressa McMillan, Edna Kelley, Carolyn Kelly, Lise Ermon, and Joyce Cheatem, and move this Honorable Court, pursuant to F.R.C.P. 42(a), to consolidate Case Numbers 10-cv-6158, 10-cv-6570, and 11-cv-1125. In support of their motion, Plaintiffs state as follows:

1.  On September 24, 1010, Plaintiffs Cheatem, Jefferson, Trotter, Reed, Smith, Waddy, Hamilton, Hayes, Stack, McMillian, Kelley, Hunter, Kelly, Ermon, and Story filed a five (5) count Complaint ("Cheatem I") in the above-captioned cause against the Board of Education

of the City of Chicago ("Board") and the Academy for Urban School Leadership ("AUSL"). See Cheatem I Complaint attached hereto as "Exhibit A".

2. The Cheatem I Complaint alleges violations of the Equal Protection Clause and the Due Process Clause under 42 U.S.C. § 1983, and Unlawful Reduction in Force under 105 ILCS 5/34-18(31), each against both the Board and AUSL.

3. The Board has filed an Answer to the Cheatem I Complaint, and AUSL filed a Motion to Dismiss the Complaint, which this Honorable Court granted in part and denied in part on April 5, 2011. In the Order, Plaintiffs were given until April 19, 2011, to file an amended complaint conforming to the order.

4. A discovery schedule has not yet been set in Cheatem I.

5. On October 13, 2010, Plaintiffs Joyce Cheatem and Carolyn Kelly, both plaintiffs in Cheatem I, filed a three (3) count Complaint against the Board ("Cheatem II"), Case No. 10-cv-6570, alleging race discrimination in violation of Title VII, race discrimination in violation of 42 U.S.C. §1981, and age discrimination in violation of the ADEA. See Cheatem II Complaint, attached hereto as "Exhibit B".

6. Cheatem II is currently pending before His Honor, Judge Charles R. Norgle, Sr.

7. Defendant Board has been served, but to date no answer has been filed, and a discovery schedule has not yet been set.

8. On February 17, 2011, Plaintiffs Story, Hayes, Hunter, Jefferson, Trotter, Smith, Waddy, Hamilton, Stack, Kelly and Ermon, all parties in Cheatem I, filed a five (5) count Complaint against the Board and AUSL ("Story"), Case No. 11-cv-1125, alleging race discrimination in violation of Title VII, age discrimination in violation of the ADEA, and race

discrimination in violation of 42 U.S.C. § 1981. See Story Complaint attached hereto as "Exhibit C".

9. The Story case is currently pending before His Honor, Judge Ronald A. Guzman.

10. In the Story matter, defendants have waived service, but have yet to file an Answer or otherwise plead. A discovery schedule has not yet been set.

11. All three of the complaints arise out of the same set of operative facts.

12. All three complaints make the same factual allegations, including the following:

    (a) All plaintiffs are African-American and were teachers or support staff at Charles S. Deneen Elementary School ("Deneen").

    (b) On February 24, 2010, the Board voted to close Deneen on June 30, 2010, with a "reconstitution" effective July 1, 2010.

    (c) On March 24, 2010, the Board entered into an agreement with AUSL to provide "turnaround" services, including recruitment, staffing, and educational services, at Deneen from March 1, 2010 to June 30, 2010.

    (d) At the end of the 2009-2010 school year, the entire faculty and staff were dismissed from their positions.

    (e) Plaintiffs were all dismissed, despite their excellent job performance, substantial experience, and seniority. None were rehired.

    (f) Defendants effectuated the "turnaround" of Deneen to terminate African-American employees of Chicago Public Schools.

    (g) The "turnaround" strategy has an unlawful, disparate impact against CPS employees of color, specifically African-American employees.

      (h)     AUSL selected many Caucasian individuals with less seniority and experience to replace plaintiffs.

13. Because the plaintiffs each have claims under Title VII and ADEA, they were required to first file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

14. The plaintiffs received their Notice of Right to Sue from the EEOC at different times.

15. It was necessary to file the actions separately to preserve each of the plaintiffs' rights within the applicable limitations periods.

16. Under F.R.C.P. 42(a), a court may consolidate actions if they involve a common question of law or fact. N.D. Ill. Local Rule 40.4(b) allows for related cases to be consolidated before the judge assigned to hear the earlier-filed case.

17. Consolidation of these matters is appropriate because: (1) each of the cases arises out of the same operative facts; (2) the cases present common factual issues, and consolidation will facilitate resolution of the issues by adjudicating all of the plaintiffs' claims relating to the action taken by defendants; (3) transfer of the actions to a single forum will prevent duplication of discovery; and (4) consolidation before a single judge will achieve judicial economy.

18. In addition, if this Honorable Court grants the instant Motion to Consolidate, Plaintiffs request that they be given leave to file a First Amended Complaint.

19. The proposed First Amended Complaint would include the changes necessitated by the partial granting of AUSL's Motion to Dismiss in Cheatem I, and would combine all of the parties and claims into one consolidated complaint, for ease of all of the parties and this Honorable Court during the course of the litigation.

21.     No substantial rights of the parties will be prejudiced by consolidation of the cases.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court consolidate cases 10-cv-6158, 10-cv-6570, and 11-cv-1125 and grant Plaintiffs leave to file a First Amended Complaint.

                                              Respectfully submitted,

                                              S/ Elaine K. B. Siegel

                                              Elaine K. B. Siegel

ELAINE K. B. Siegel & ASSOCIATES, P.C.
11 East Adams Street, Suite 1401
Chicago, Illinois 60603
(312) 583-9970