UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE CHEATEM, ODESSA JEFFERSON, EVIE TROTTER LINDA REED, SHIRLEY SMITH WENDI WADDY, COVETTE HAMILTON, DENISE HAYES, MARY STACK, TRESSA MCMILLAN, EDNA KELLEY, THORNELL HUNTER, CAROLYN KELLY, LISE ERMON, MARGARET STORY           Plaintiffs,    v.  THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, and ACADEMY FOR URBAN SCHOOL LEADERSHIP           Defendants. | Case Number:    PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

Plaintiffs, Joyce Cheatem, Odessa Jefferson, Evie Trotter, Linda Reed, Shirley Smith, Wendi Waddy, Covette Hamilton, Denise Hayes, Mary Stack, Tressa McMillan, Edna Kelley, Thornell Hunter, Carolyn Kelly, Lise Ermon, and Margaret Story (collectively "Plaintiffs"), by their attorneys, Elaine K.B. Siegel and Associates, P.C., complain as follows against Defendants Board of Education of the City of Chicago ("CPS" or "Board"), and Academy for Urban School Leadership ("AUSL"):

## INTRODUCTION

1. Plaintiffs are teachers and support staff members, formerly employed at the Charles S. Deneen Elementary School ("Deneen").

2. Plaintiffs are African American.

1

3. Deneen school's student composition was 99.4% African-American, 0.4% Caucasian, and 0.2% Hispanic. The Deneen student population is also comprised of 93% students classified by the Illinois State Board of Education as low-income.

4. On February 24, 2010, the Board of Education adopted Hearing Officer Fredrick Bate's report and recommendation, closing Deneen school effective June 30, 2010, with a "reconstitution" effective July 1, 2010, purportedly based on academic performance.

5. Deneen is one of approximately 100 schools that the Board has closed pursuant to its "Renaissance 2010" program. The vast majority of those schools are located in low-income communities of color.

6. On or about March 24, 2010, the Board entered into an agreement with the Academy for Urban School Leadership ("AUSL"), to provide "turnaround" services at Deneen from March 1, 2010 through June 30, 2015. *See* March 24, 2010 Board Report attached hereto as Exhibit A.

7. AUSL is contractually required to provide recruitment, staffing, and education services to the Board of Education.

8. At the conclusion of the 2009-2010 school year, Deneen faculty and staff were "honorably discharged."

9. The Board classified Deneen school as a "turnaround" school, and thus terminated the entire staff.

10. Plaintiffs were performing their jobs satisfactorily, and had substantial experience and seniority, but were not rehired, their excellent job performance, experience and seniority notwithstanding.

11. The Board and its officers have no statutory authority to carry out *any* layoffs, including the "honorable discharges" at Deneen, except in accordance with 105 ILCS 5/34-18(31). That statutory provision requires the Board and its officers to issue rules that apply to all the personnel now being dismissed, and under these rules to make individualized determinations of the "qualifications, certifications, experience, performance ratings or evaluations and any other factors relating to an employee's job performance" of all such personnel, as set out in the language of 105 ILCS 5/34-18(31).

12. Defendants deliberately effectuated the "turnaround" of Deneen to terminate African-American employees of Chicago Public Schools.

13. The "turnaround" strategy has an unlawful, disparate impact against CPS employees of color generally, and African-American employees specifically.

## PARTIES AND JURISDICTION

14. Plaintiff Joyce Cheatem is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

15. Plaintiff Odessa Jefferson is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

16. Plaintiff Evie Trotter is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

17. Plaintiff Linda Reed is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

18. Plaintiff Shirley Smith is a resident of the County of Cook, State of Illinois, and was a support staff member of Deneen.

19. Plaintiff Wendi Waddy is a resident of the County of Cook, State of Illinois, and was a tenured teacher at Deneen.

20. Plaintiff Covette Hamilton is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

21. Plaintiff Denise Hayes is a resident of the County of Cook, State of Illinois, and was a teacher's assistant at Deneen.

22. Plaintiff Mary Stack is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

23. Plaintiff Tressa McMillan is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

24. Plaintiff Edna Kelley is a resident of the County of Cook, State of Illinois, and was a teacher's assistant at Deneen.

25. Plaintiff Thornell Hunter is a resident of the County of Cook, State of Illinois, and was a support staff member of Deneen.

26. Plaintiff Carolyn Kelly is a resident of the County of Cook, State of Illinois, and was a support staff member of Deneen.

27. Plaintiff Lise Ermon is a resident of the County of Cook, State of Illinois, and was a teacher at Deneen.

28. Plaintiff Margaret Story is a resident of the County of Cook, State of Illinois, and was a teacher's assistant at Deneen.

29. Defendant Board of Education of the City of Chicago (the "Board" or "BOE") is an educational employer within the meaning of Section 2(a) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(a), and is the entity charged by law with maintaining

a free school system within the city of Chicago. It maintains offices at 125 South Clark Street, 6th Floor, Chicago, Illinois 60603.

30. Defendant AUSL is not-for-profit corporation, located in the County of Cook, State of Illinois, and organized under the laws of the State of Illinois.

## JURISDICTION AND VENUE

31. All of the relevant actions complained hereof took place in the County of Cook, State of Illinois.

32. This is an action to enforce rights secured by and 42 U.S.C.S. § 1983. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, §2201, and §1343.

33. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367, over the state law claims of Count V, because the state law claims are based upon the same nucleus of operative facts as Counts I, II, III, and IV, and because the exercise of supplemental jurisdiction would further judicial economy and the ends of justice.

34. Count V, arises under the law of the State of Illinois and claims that the defendant Board has failed to issue appropriate rules or make appropriate individual determinations as to which employees should be retained pursuant to 105 ILCS 5/34-1 8(31).

35. Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391, in that the Plaintiffs reside, and the Defendants reside, have offices and do business, in the Northern District of Illinois, Eastern Division, in Cook County, Illinois; and the causes of action arose here.

## FACTS

36. On January 19, 2010, the Board's Chief Operating Officer, Rob Huberman, gave the Deneen community notice that he was proposing Deneen School for "turnaround" status.

37. On or about February 8, 2010, the Board held a public hearing regarding its proposed reconstitution of Deneen, alleging that the school was underperforming academically.

38. During the February 8, 2010 hearing, Deneen teachers, staff, parents, and community members opposed the reconstitution of Deneen school as a "turnaround" school. They objected, *inter alia*, that Deneen had already implemented the "reforms" promised by AUSL, and that the school was making academic progress.

39. Following the hearing, Hearing Officer, Frederick H. Bates, issued a report and recommendation to the Board CEO, recommending that Deneen be classified as a "turnaround" school.

40. On February 24, 2010, the Board of Education adopted Hearing Officer Bate's report and recommendation, closing Deneen school effective June 30, 2010, with the reconstitution becoming effective July 1, 2010.

41. The Board's February 24, 2010 report, provides:

    PERSONNEL IMPLICATIONS: Pursuant to 105 ILCS 5/34-8.3(d)(4), all Deneen Elementary School employees, including the principal, will be removed and replaced in accordance with Board rules, policies and applicable collective bargaining agreements, if any.

42. On or about March 24, 2010, the Board entered into an agreement with the Academy for Urban School Leadership ("AUSL"), to provide turnaround services at Deneen from March 1, 2010 through June 30, 2015. *See* Exhibit A.

43. AUSL is contractually required to provide recruitment, staffing and education services to the Board of Education.

44. At the conclusion of the 2009-2010 school year, all Deneen faculty and staff were "honorably discharged." None of the Plaintiffs were rehired.

45. In the Spring of 2010, Plaintiff, Wendi Waddy, applied to AUSL for the teaching

6

position she had previously held at Deneen. AUSL did not hire her.

46. On or about May 4, 2010, Assistant Principal, Rashid Bell, e-mailed Ms. Waddy, stating:

> Thank you for the time and energy that you put into the selection process. … You were a <u>superb candidate</u> and exhibited skills and understanding of an <u>exceptional teacher</u>. The reason you were not selected was because we felt as though you were not the right match for this particular turnaround school. One of the philosophies that AUSL strongly believes in is the development of teachers. With your vast experience and knowledge base we felt as though you do not need all of the services that AUSL can provide. <u>The majority of our staff will be young new teachers who will need an extreme amount of professional development and guidance, but you however do not require all of that training</u>. I would personally recommend you for any teaching position and please let me know if I can be of any assistance to you in the future. Again thank you for your time and patience. (Emphasis added).

Attached hereto as Exhibit B.

47. Instead of Plaintiffs, who are African-American, on information and belief, AUSL selected many inexperienced, Caucasian individuals, with less seniority, and qualifications to replace Plaintiffs.

48. ASUL self-identifies its hiring as: "42 percent are younger than 25; 38 percent are 25-29; 11 percent are 30-39; and 9 percent—nearly one in 10—are 40 and older." http://www.ausl-chicago.org/about-faq.html. Attached hereto as Exhibit C.

49. Without considering the qualifications of applicants, and in violation of the seniority rights of tenured teachers, AUSL is hiring new, untested teachers and staff off the street, and hiring less expensive probationary teachers and staff with little or no experience.

50. Neither the Board, nor its officers have complied with the provisions of 105 ILCS 5/34-18(31), which apply to any reduction in force. The Board must make the individual determinations required by 105 ILCS 5/34-18(31) to issue rules to ensure individualized consideration of education and employees based on the qualifications, certifications and

7

experience, *and* to ensure they are retained.

51. The seniority and reassignment rights of teachers and education support personnel also exist by virtue of past practice under the collective bargaining agreement.

52. Appendix H to the collective bargaining agreement requires that "tenured teachers with appropriate certifications will be selected for retention based on seniority." *See* Exhibit D, "Appendix H." As a result of such provisions in the Agreement, teachers have a right to layoff by seniority and reassignment where appropriate. Similar provisions apply to other non-teacher educators.

53. Subsequent to the adoption of the Agreement, the Board issued a set of regulations that ensured such layoffs would be conducted by "system wide seniority" and that teachers may utilize the reassigned teacher pool to avoid dismissal.

54. The requirement of layoffs by "system wide seniority" consistent with Article 42-2 and Appendix H is set out in rules and regulations relating to layoffs, "Reassignment and Layoff of Regularly Certified and Appointed Tenured Teachers."

55. In 1995, 12 years prior to the Board's enactment of its rule as to layoffs, the General Assembly of Illinois provided certain powers for the Board, including sub-paragraphs (1) and (31) of 105 ILCS 5/34-18, which authorize the Board to promulgate rules for layoffs and reductions in force. Such rules expressly require the Board to consider criteria that include, but are not limited to, the "qualifications, certifications, experience, performance ratings or evaluations" of the teachers who are affected by a reduction in force.

56. Specifically, under 105 ILCS 5/34-18(31), the Board shall "promulgate rules establishing procedures governing the layoff or reduction in force of the employees and the recall of such employees, including, but not limited to, criteria for such layoffs, reductions in force

8

or recall rights of such employees and the weight to be given to any particular criteria. Such criteria shall take into account factors including, but not be limited to, qualifications, certifications, experience, performance ratings, or evaluations, and any other factors relating to an employee's job performance."

57. As of the date of the Plaintiffs' "honorable discharges," the Board had issued no rule that defined *any* criteria for a reduction in force, other than the rule adopted on December 19, 2007, incorporating the seniority and retentions provisions of Appendix H of the Agreement.

## Count I
### (Section 1983: Deprivation of Due Process Rights of Teachers)

58. Plaintiffs, Joyce Cheatem, Odessa Jefferson, Evie Trotter, Linda Reed, Wendi Waddy, Covette Hamilton, Mary Stack, Tressa McMillan, and Lise Ermon, incorporate paragraphs 1 through 57 herein.

59. Plaintiffs were entitled to assert their constitutional rights to procedural due process before the Board and its officers deprived each Plaintiff of their property rights in tenured employment.

60. Specifically, without providing Plaintiffs any opportunity to be heard as required by the Due Process Clause of the Fourteenth Amendment and in violation of 42 U.S.C. § 1983, the Board officers who are the individual defendants have caused the summary dismissals of teachers and other staff, without issuing any rules or giving any individualized consideration under such rules of the "qualifications, certifications, experience, performance ratings or evaluation, and any other factors relating to an employee's job performance" as required by 105 ILCS 5/34-1 8(31).

61. Without the individual determinations required by 105 ILCS 5/34-18(31), the Board has

9

denied the constitutional rights of affected Plaintiffs to notice and an opportunity to be heard as to why they are qualified to be retained in this reduction-in-force, and have their rights to procedural due process under the Fourteenth Amendment in the conduct of such dismissals under applicable state law.

62. In further denial of such due process in the deprivation of property rights created pursuant to contract and the Illinois School Code, the Board officers have not even issued rules or set up procedures to consider the "qualifications, certifications, experience, performance ratings or evaluations, and other factors relating to the performance" of the dismissed teachers, who have long experience and excellent qualifications, and who have a legal right to be retained in a reduction-in-force under state law.

WHEREFORE, Plaintiffs pray this Court to:

    A. Declare that in violation of 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the Board and the individual defendants have denied Plaintiffs who have been summarily dismissed their constitutional rights to individualized determinations as to whether they meet specific weighted criteria, which the Board should have but failed to promulgate and apply to them under 105 ILCS 5/34-18(31), and thereby denied such Plaintiffs their rights to procedural due process, including notice and an opportunity to be heard, under the Fourteenth Amendment.

    B. Grant preliminary and permanent injunctive relief against the individual Board defendants in their official capacities for their unlawful deprivations of the property rights of such Plaintiffs in their tenured contractual employment without notice and an opportunity to be heard in individual determinations of their

qualifications, and to receive other procedural due process required by Due Process Clause of the Fourteenth Amendment in connection with Illinois state law for this reduction-in-force.

C. Awarding Plaintiffs back-pay and front-pay in such amount as the court may deem appropriate.

D. Grant Plaintiff their legal fees and costs under 42 U.S.C. § 1988, and such other legal and such other relief as may be required.

## COUNT II
## 42 U.S.C.S. § 1983 VIOLATION- DISPARATE TREATMENT (RACE)
(Against Defendant Board of Education)

63. Plaintiffs re-allege Paragraphs 1-62 of this Complaint, as though fully set forth herein as paragraphs 1-62 of Count II of this Complaint.

64. Defendant Board is a body politic and corporate organized pursuant to the Illinois School Code, 105 ILCS 5/11.

65. At all times relevant herein, Defendant were acting under color of state law.

66. On best information and belief, Defendant treated African-American employees less favorably than they treated non-African-American employees by "honorably discharging" them and/or by replacing them with non-African-American staff.

67. Defendant deliberately and intentionally removed Plaintiffs from Deneen, by terminating them in the course of the "turnaround" and failing to rehire them. Plaintiffs were not rehired, despite their eligibility for rehiring, but were replaced, on information and belief, inexperienced, non-African-Americans who had less seniority and fewer qualifications than Plaintiffs.

68. The Board harbored stereotypic attitudes toward experienced African-American staff

11

with seniority, which unlawfully caused it to deprive Plaintiffs of equal employment opportunities in violation of the Constitution and laws of the United States.

69. Plaintiffs had a right to be free from discrimination on the basis of their race.

70. By depriving Plaintiffs of their rights to equal protection and treating younger, non-African American staff differently, the Defendant deliberately and intentionally violated Plaintiffs' rights under Section 1983.

71. Acting under the color of law, Defendant deliberately and intentionally effected a denial of Plaintiffs' rights, privileges, and immunities secured by the United States Constitution or by Federal law and guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

72. As a result of Defendant's concerted unlawful and malicious conduct, Plaintiffs were both deprived of their rights to equal protection of all the laws and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Sec. 1983.

73. Plaintiffs were harmed, have incurred legal debt which would not otherwise have been incurred, and have suffered shock and emotional scarring, all compensable as emotional distress, and other damages.

74. Plaintiffs have suffered irreparable injury.

75. There is no adequate remedy at law.

WHEREFORE, Plaintiffs, pray that this Court enters its order:

    A.    Granting actual, general, special, and compensatory damages;

    B.    Granting judgment against all Defendants, jointly and severally;

    C.    Awarding Plaintiffs back-pay and front-pay in such amount as the court may

deem appropriate;

D. Granting attorney's fees, and such other relief, deemed to be just, fair, and appropriate.

### COUNT III
### 42 U.S.C.S. § 1983 VIOLATION- DISPARATE TREATMENT (RACE)
(Against Defendant AUSL)

76. Plaintiffs re-allege Paragraphs 1-75 of this Complaint, as though fully set forth herein as paragraphs 1-75 of Count III of this Complaint.

77. Defendant AUSL is not-for-profit corporation, located in the County of Cook, State of Illinois, and organized under the laws of the State of Illinois.

78. On or about March 24, 2010, the Board entered into an agreement with the Academy for Urban School Leadership ("AUSL"), to provide turnaround services at Deneen from March 1, 2010 through June 30, 2015. *See* Exhibit A.

79. AUSL is contractually required to provide recruitment, staffing and education services to the Board of Education.

80. At all times relevant herein, Defendant was acting under color of state law.

81. On best information and belief, Defendant treated African-American personnel less favorably than non-African-American employees by failing to rehire them and/or replacing them with inexperienced non-African-American staff, with less seniority an fewer qualifications.

82. Defendant deliberately and intentionally excluded Plaintiffs from Deneen, by failing to rehire them in the course of the "turnaround." Defendant did not rehire Plaintiffs, despite their eligibility for rehiring, but instead hired, on information and belief, inexperienced, non-African-Americans, who had less seniority, and fewer qualifications than Plaintiffs.

13

83. AUSL revealed a stereotypic attitude toward African-American personnel with superior experience and seniority, which unlawfully caused it to deprive Plaintiffs of equal employment opportunities in violation of the Constitution and laws of the United States.

84. In the Spring of 2010, Plaintiff, Wendi Waddy, applied to AUSL for the teaching position she had previously held at Deneen. AUSL did not hire her.

85. On or about May 4, 2010, Assistant Principal, Rashid Bell, e-mailed Ms. Waddy, stating:

> Thank you for the time and energy that you put into the selection process. … You were a <u>superb candidate</u> and exhibited skills and understanding of an <u>exceptional teacher</u>. The reason you were not selected was because we felt as though you were not the right match for this particular turnaround school. One of the philosophies that AUSL strongly believes in is the development of teachers. With your vast experience and knowledge base we felt as though you do not need all of the services that AUSL can provide. <u>The majority of our staff will be young new teachers who will need an extreme amount of professional development and guidance, but you however do not require all of that training</u>. I would personally recommend you for any teaching position and please let me know if I can be of any assistance to you in the future. Again thank you for your time and patience. (Emphasis added). *See* Exhibit B.

86. Conscious of Plaintiffs' performance superior qualification, AUSL failed to hire them, preferring less-qualified personnel with less experience and seniority.

87. Plaintiffs had a right to be free from discrimination on the basis of their race.

88. By depriving Plaintiffs of their rights to equal protection and treating non-African American employees differently, the Defendant deliberately and intentionally violated Plaintiffs' rights under Section 1983.

89. Acting under the color of law, Defendant deliberately and intentionally effected a denial of Plaintiffs' rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

90. As a result of Defendant's concerted unlawful and malicious conduct, Plaintiffs were both deprived of their rights to equal protection of all the laws and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Sec. 1983.

91. Plaintiffs were harmed, have incurred legal debt which would not otherwise have been incurred, and have suffered shock and emotional scarring, all compensable as emotional distress, and other damages.

92. Plaintiffs have suffered irreparable injury.

93. There is no adequate remedy at law.

WHEREFORE, Plaintiffs pray that this Court enters its order:

    A. Granting actual, general, special, and compensatory damages;

    B. Granting judgment against all Defendants, jointly and severally;

    C. Awarding Plaintiffs back-pay and front-pay in such amount as the court may deem appropriate;

    D. Granting attorney's fees, and such other relief, deemed to be just, fair, and appropriate.

**COUNT IV**
**42 U.S.C.S. § 1983 VIOLATION-DISPARATE IMPACT (RACE)**
**(Against Defendants Board of Education and AUSL)**

94. Plaintiffs re-allege Paragraphs 1-93 of this Complaint, as though fully set forth herein as paragraphs 1-93 of Count IV of this Complaint.

95. Defendant Board is a body politic and corporate organized pursuant to the Illinois School Code, 105 ILCS 5/11.

96. At all times relevant herein, Defendants were acting under color of state law.

97. On February 24, 2010, the Board of Education adopted Hearing Officer Fredrick Bate's report and recommendation, closing Deneen school effective June 30, 2010, with a "reconstitution" effective July 1, 2010, purportedly based on academic performance.

98. On or about March 24, 2010, the Board entered into an agreement with the Academy for Urban School Leadership ("AUSL"), to provide "turnaround" services at Deneen from March 1, 2010 through June 30, 2015. *See* Exhibit A.

99. At the conclusion of the 2009-2010 school year, Deneen faculty and staff were "honorably discharged."

100. All Plaintiffs were African-American.

101. The Board classified Deneen school as a "turnaround" school, and thus terminated the entire staff. None were rehired.

102. On information and belief, the "turnaround" process adopted by Defendant Board has a disparate impact against African-American employees, selecting them for termination in numbers significantly greater than non-African-American employees.

103. There are cost-effective, less-discriminatory alternatives to the so-called "turnaround" process.

104. Plaintiffs had a right to be free from discrimination on the basis of their race.

105. As a result of Defendants' concerted unlawful conduct, Plaintiffs were both deprived of their rights to equal protection of all the laws and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Sec. 1983.

106. Plaintiffs were harmed, have incurred legal debt which would not otherwise have been

incurred, and have suffered shock and emotional scarring, all compensable as emotional distress, and other damages.

107. Plaintiffs have suffered irreparable injury.

108. There is no adequate remedy at law.

WHEREFORE, Plaintiffs pray that this Court enters its order:

    A. Granting actual, general, special, and compensatory damages;

    B. Granting judgment against all Defendants, jointly and severally;

    C. Awarding Plaintiffs back-pay and front-pay in such amount as the court may deem appropriate;

    D. Granting attorney's fees, and such other relief, deemed to be just, fair, and appropriate.

### Count V
### (UNLAWFUL REDUCTION IN FORCE)
### (Defendants Board of Education and AUSL)

109. Plaintiffs incorporate paragraphs 1 through 108, as if fully set forth herein.

110. In terminating all staff at Deneen and failing to rehire, without regard to experience, seniority, or qualifications, the Board is in non-compliance with the provisions of 105 ILCS 5/34-18(31), and not issuing rules or making individual determinations with respect to the "qualifications, certifications, experience, performance ratings or evaluations" of the staff who have been or will be summarily dismissed. The Defendant Board is thus acting ultra vires and without authority.

WHEREFORE, Plaintiff prays this Court to:

    A. Issue a declaratory judgment that Defendant Board is acting beyond its statutory authority under the Illinois School Code, in failing to make individual

17

        determinations of the "qualifications, certifications, experience, performance ratings or evaluations and any other factors relating to an employee's job performance."

B.     Restrain or enjoin the Board and its officers from conducting any further summary dismissals not in compliance with the Board's duty to make individual determinations of the qualifications of the affected employees as required by 105 ILCS 5/34-18(31) of the Illinois School Code, and to retain and reassign such teachers as appropriate under the criteria set forth in such statute;

C.     Reinstate such teachers and education support personnel who have been wrongfully dismissed without consideration of the criteria that must be applied to them under 105 ILCS 5/34-18(31) in connection with the current termination; and

D.     Grant such other relief as may be appropriate.

DATED:     September 24, 2010

                          Respectfully submitted,

                          By: /s/ Elaine K.B. Siegel
                          One of Plaintiff's Attorneys

OF COUNSEL:
Elaine K.B. Siegel
Elaine K.B. Siegel & Associates, P.C.
39 South LaSalle Street, Suite 617
Chicago, Illinois 60603
(312) 236-8088

18