Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 6158 | **DATE** | July 26, 2011 |
| **CASE TITLE** | *Cheatem v. Board of Education* | | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion to consolidate and for leave to file an amended complaint [41-1] is granted. The court finds that the following cases are related and directs the clerk to reassign them to this court, and to consolidate them for all purposes under case No. 10 CV 6158: *Cheatem v. Board of Education*, Case No. 10 CV 6570 (pending before Judge Norgle); *Story v. Board of Education*, Case No. 11 CV 1125 (pending before Judge Guzman). Upon consolidation, the clerk is further directed to terminate cases No. 10 CV 6570 and No. 11 CV 1125. All documents shall be filed only in this case, No. 10 CV 6158. The amended complaint shall be filed no later than August 31, 2011. The parties shall report for a status hearing on September 13, 2011 at 11:00 a.m..

■ [ For further details see text below.]    Docketing to mail notices.

00:00

## STATEMENT

The plaintiffs allege that the defendants purported to fire them and the entire staff of Deneen Elementary School in Chicago as part of a turn-around of an underperforming school but, in fact, the terminations were actually motivated by discrimination. The plaintiffs filed this case on September 24, 2010, alleging that they were terminated in violation of the U.S. Constitution and Illinois law on reductions in force. Later, two of the plaintiffs filed another suit against the defendants alleging that their terminations amounted to race and age discrimination. *See Cheatem v. Board of Education*, Case No. 10 CV 6570 (pending before Judge Norgle). Finally, other plaintiffs to this case filed yet another suit against the defendants, also alleging that their terminations were the result of race and age discrimination. *See Story v. Board of Education*, Case No. 11 CV 1125 (pending before Judge Guzman).

Before the court is the plaintiffs' motion for a finding of relatedness and for consolidation. Under Local Rule 40.4, cases are related if any of the following conditions is satisfied: "1) the cases involve the same property; 2) the cases involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the cases is or are of the same." Local Rule 40.4(a). Related cases may then be reassigned if each of the following criteria are met: 1) both cases are pending in this Court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding." Local Rule 40.4(b). The question of whether consolidation will be useful is a matter within the court's discretion. *See Blocker v. City of Chicago*, No. 09 CV 7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011).

| STATEMENT |
|---|

Employment discrimination cases often involve facts and circumstances unique to each employee, such as qualifications and the treatment of similarly-situated coworkers. However, the scenario alleged by the plaintiffs is unique in that the school's entire workforce was terminated in a single event without regard to any individual employee's qualifications or performance. Because of the unique circumstances alleged, the court finds the plaintiffs' cases appear at this juncture to involve the same issues of fact or law, and to have grown out of the same transaction or occurrence. Furthermore, the cases are all in the early stages of litigation such that reassignment is not likely to result in any substantial delay, while reassignment is likely to save judicial time and effort and be susceptible of disposition in a single proceeding. regardless of each individuals   Finally, the court notes that the defendants do not object to reassignment and consolidation.

Accordingly, the motion for reassignment and consolidation is granted. The clerk is directed to reassign the following cases to this court, and to consolidate them for all purposes under case No. 10 CV 6158: *Cheatem v. Board of Education*, Case No. 10 CV 6570 (pending before Judge Norgle); *Story v. Board of Education*, Case No. 11 CV 1125 (pending before Judge Guzman). Upon consolidation, the clerk is further directed to terminate cases No. 10 CV 6570 and No. 11 CV 1125. All documents shall be filed only in this case, No. 10 CV 6158.

In addition to consolidation and reassignment, the plaintiffs seek leave to file an amended complaint in order to (1) conform to the court's April 5, 2011, order in which the court dismissed Count IV against defendant Academy for Urban School Leadership and granted leave to file an amended complaint; and (2) to consolidate within a single amended complaint the allegations of the various individual complaints. While defendant Board of Education does not object to the motion for leave, defendant Academy for Urban School Leadership objects because the plaintiffs have not attached their proposed amended complaint.

Given that the court previously granted the plaintiffs leave to file an amended complaint to conform to its April 5, 2011, order, and given that the only other anticipated change is to consolidate all of the allegations into a single complaint, defendant Academy for Urban School Leadership's objection is not well-founded. To the extent it believes that claims in the forthcoming amended complaint are not viable, a motion to dismiss is the appropriate vehicle for voicing its arguments. Accordingly, the motion for leave to file an amended complaint is also granted. The amended complaint shall be filed in this case, No. 10 CV 6158.

rs/cpb