# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WENDI WADDY, DENISE HAYES, THORNELL HUNTER, CAROLYN KELLY, SHIRLEY SMITH, MARGARET STORY, and MARY STACK | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 10 C 6158<br>)<br>) Judge John Z. Lee |
| v. | )<br>) |
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO and ACADEMY FOR URBAN SCHOOL LEADERSHIP, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thornell Hunter ("Plaintiff"), proceeding *pro se*, alleges race and age discrimination against the Board of Education of the City of Chicago ("the Board") and the Academy for Urban School Leadership ("AUSL"). Plaintiff brings his various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The Board and AUSL now move for summary judgment against Plaintiff. For the reasons stated herein, the Court grants summary judgment in Defendants' favor on all of Plaintiff's claims.

## Local Rule 56.1

In the Northern District of Illinois, motions for summary judgment are governed by Local Rule 56.1. Local Rule 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law," consisting of numbered paragraphs and

referencing affidavits and other materials relied upon for factual support. Local Rule 56.1(a)(3). Local Rule 56.1 also requires a party opposing summary judgment to file "a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statements, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(B). The opposing party's response must also contain "a statement . . . of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(C).

"The obligation set forth in Local Rule 56.1 is not a mere formality. Rather, it follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal quotation marks and citations omitted). Consequently, when a nonmovant fails to abide by Local Rule 56.1, all material facts set forth in the moving party's statement are deemed admitted. Local Rule 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). A litigant is obligated to comply with Local Rule 56.1 even if proceeding *pro se*. *See, e.g.*, *Greer v. Bd. of Educ. of City of Chi., Ill.*, 267 F.3d 723, 727 (7th Cir. 2001); *Gray v. Cannon*, 974 F. Supp. 2d 1150, 1162, 1164-66 (N.D. Ill. 2013).

In January 2014, pursuant to Local Rule 56.2, the Board and AUSL each filed and served a separate "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" to inform Plaintiff of his obligation to comply with Local Rule 56.1. *See* Local Rule 56.2. Plaintiff,

however, has failed to so comply. His response to Defendants' motion for summary judgment fails to address the numbered paragraphs of Defendants' Local Rule 56.1(a)(3) statements and also fails to reference any materials supporting any facts Plaintiff may dispute. *See* Pl.'s Resp. Mot. 2-9. Thus, all material facts set forth in Defendants' Local Rule 56.1(a)(3) statements and supported by the record are deemed admitted for purposes of this motion.

## Factual Background

Plaintiff Thornell Hunter is African American and was sixty-seven years old at the time this lawsuit was filed.[1] Board's LR 56.1(a)(3) Stmt. ¶ 1. Plaintiff was employed by the Board at the Charles S. Deneen Elementary School of Excellence ("Deneen"), where he worked as a security guard and coached basketball, football, and chess. AUSL's LR 56.1(a)(3) Stmt. ¶ 6.

As of February 2010, Deneen had been on probation for three consecutive years as a result of its substandard academic performance. Board's LR 56.1(a)(3) Stmt. ¶¶ 9-10. Under the Illinois School Code, a school on probation that "fail[s] to make adequate progress in correcting deficiencies [is] subject to the following actions by the general superintendent with the approval of the board, after opportunity for a hearing: . . . (4) Reconstitution of the attendance center and replacement and reassignment by the general superintendent of all employees of the attendance center. . . . [and] (5.5) Operating an attendance center as a contract turnaround school." 105 Ill. Comp. Stat. 5/34-8.3(d).

On February 24, 2010, following a public hearing and a recommendation from an independent hearing officer, the Board approved Deneen for reconstitution. AUSL's LR 56.1(a)(3) Stmt. ¶¶ 8-10. As part of the reconstitution or "turnaround" process, all Deneen

---

[1] Plaintiff Hunter originally filed the Third Amended Complaint with six other individual Plaintiffs, Wendi Waddy, Denise Hayes, Carolyn Kelly, Shirley Smith, Margaret Story, and Mary Stack. The other six Plaintiffs entered into settlement agreements with Defendant AUSL in 2013. Thus, Plaintiff Hunter is now the sole remaining Plaintiff in this case.

employees, including Plaintiff, were discharged from their positions and replaced with new employees. *Id.* ¶ 11. In March 2010, the Board and AUSL agreed that AUSL would provide school turnaround services to Deneen. *Id.* ¶ 12. These turnaround services included assistance with recruitment and selection of the new employees. *Id.* ¶ 13.

Following the reconstitution and his consequent termination, Plaintiff tried to apply online for reappointment to his former position at Deneen. Board's LR 56.1(a)(3) Stmt. ¶ 23. But, because another Deneen employee assisting him with the application told him that the website reported the position as filled, Plaintiff did not submit an application and made no further attempts to apply, despite the availability of other application opportunities. *Id.*; AUSL's LR 56.1(a)(3) Stmt. ¶¶ 14-19, 21-22. Plaintiff does not know who was ultimately hired to fill the position he formerly held at Deneen. Board's LR 56.1(a)(3) Stmt. ¶ 19.

On November 8, 2010, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that his termination by the Board was an act of discrimination based on race and age.[2] *Id.* ¶ 3; 3d Am. Compl., Ex. D. In December 2010, the EEOC issued Plaintiff a right-to-sue letter. 3d Am. Compl. ¶ 40.

---

[2] Specifically, Plaintiff's EEOC charge reads as follows:

> I, Charging Party Thornell Hunter, was subjected to discrimination on the basis of my age (67) and race (African American). Since 1977, I have been employed with Chicago Public Schools as a security guard. In October 1991, I was assigned to Charles S. Deneen Elementary School ("Deneen"). In addition to my duties as a security guard, I also coached basketball, football and chess at Deneen. My work consistently exceeded expectations. On or about February 24, 2010, the Board of Education of the City of Chicago ("Board of Education"), approved Hearing Officer, Frederick H. Bates's, recommendation to make Deneen a "turn around school." In doing so, the Board of Education terminated all faculty and staff employed at Deneen. I believe my termination was discrimination based on my age and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 *et seq.*

3d Am. Compl., Ex. D.

Plaintiff now brings race-based disparate treatment claims against the Board and AUSL under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983, alleging that his discharge from Deneen and Defendants' failure to subsequently rehire him were discriminatory. *Id.* ¶¶ 94, 108, 140, 147, 173, 196. He similarly alleges age-based disparate treatment under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). *Id.* ¶¶ 157, 182. Additionally, Plaintiff brings a disparate impact claim against the Board under Title VII, alleging that the process of reconstituting or "turning around" public schools disproportionately affects African American employees by targeting schools in low-income neighborhoods. *Id.* ¶ 127.

## Discussion

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If no reasonable jury could find in favor of the nonmoving party, then no such genuine dispute exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant has demonstrated that there is no genuine issue of material fact, the nonmovant bears the burden of setting forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In setting forth such specific facts, the nonmovant is required to "go beyond the pleadings" and support his contentions with documentary evidence. *Id.* at 324.

Because Plaintiff did not comply with Local Rule 56.1, the facts set forth in Defendants' Local Rule 56.1(a)(3) statements are deemed admitted, and hence, no genuine issue of material fact exists between the parties. Local Rule 56.1(b)(3)(C); *Smith*, 321 F.3d at 683. Moreover,

because Defendants are entitled to judgment as a matter of law for the reasons set forth herein, the Court grants Defendants' motion for summary judgment with respect to all claims.

**I.     Disparate Treatment Claims**

Plaintiff brings various claims for race- and age-based disparate treatment against the Board and AUSL under Title VII, the ADEA, § 1981, and § 1983. 3d Am. Compl. ¶¶ 94, 108, 140, 147, 157, 173, 182, 196. In cases involving claims of disparate treatment in an employment action, the plaintiff must either produce direct evidence of discrimination or use the indirect, "burden-shifting" method to prove his claims. *See Lalvani v. Cook Cnty., Ill.*, 269 F.3d 785, 789 (7th Cir. 2001). Under the burden-shifting method, the plaintiff must first establish his *prima facie* case of disparate treatment. *See, e.g.*, *Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 511 (7th Cir. 2012) (addressing a race-based disparate treatment claim under Title VII). If the plaintiff can establish his *prima facie* case, the burden shifts to the defendant to provide a nondiscriminatory reason for the employment action. *Id.* If the defendant is able to articulate such a reason, then the plaintiff can survive a motion for summary judgment only if he can produce evidence that defendant's explanation is a pretext for discrimination. *Id.* at 512. This analytical framework applies to disparate treatment claims regardless of whether they are brought under Title VII, the ADEA, § 1981, or § 1983. *See Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 477 (7th Cir. 2010) (addressing an age-based disparate treatment claim under the ADEA); *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009) (addressing a disparate treatment claim under § 1981); *Williams v. Seniff*, 342 F.3d 774, 788 (addressing a disparate treatment claim under § 1983).

Because Plaintiff has not produced any direct evidence of discrimination, he must use the burden-shifting method to prove his claims for disparate treatment. *See Lalvani*, 269 F.3d at

789. For the reasons set forth herein, the Court finds that no reasonable jury could find that Plaintiff has proved disparate treatment using this method, and that Defendants are therefore entitled to summary judgment with respect to those claims.

### A.     Termination of Employment

Plaintiff alleges that the Board discriminated against him on the basis of race and age by discharging him from his position at Deneen. 3d Am. Compl. ¶¶ 94, 140, 147, 157. To establish a *prima facie* case of discriminatory termination using the burden-shifting method of proof, a plaintiff must show that (1) he is a member of a protected class, (2) he met his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside of his protected class were treated more favorably. *See, e.g.*, *Naficy*, 697 F.3d at 511.

Even assuming that Plaintiff could satisfy the first three elements, he cannot satisfy the fourth. It is undisputed that, as a result of Deneen's reconstitution, all of the school's staff, including non-African American employees and employees younger than Plaintiff, were discharged at the end of the 2009-10 school year regardless of race or age. Board's LR 56.1(a)(3) ¶¶ 17-18. Because all Deneen employees have been treated equally in this regard, Plaintiff has failed to show that similarly situated employees outside of his protected race and age classes were treated more favorably. Thus, Plaintiff has not established the fourth element of his *prima facie* case, and the Board is entitled to summary judgment on this issue.

Furthermore, even if Plaintiff were able to make a *prima facie* showing of discriminatory termination of employment, the Board would still be entitled to summary judgment. The Board has offered a legitimate, nondiscriminatory reason for its decision to discharge Deneen's employees: Deneen was failing to meet acceptable standards of academic performance, and so

the Board approved it for reconstitution in accordance with procedures set forth by state law. *See* Board's LR 56.1(a)(3) Stmt. ¶¶ 9-11, 14-15; *see also* 105 Ill. Comp. Stat. 5/34-8.3(d)(4). Because the Board has offered a nondiscriminatory explanation for Plaintiff's discharge, Plaintiff now bears the burden of producing evidence showing that this explanation is mere pretext. *See, e.g.*, *Naficy*, 697 F.3d at 512. Because Plaintiff has produced no such evidence, the Board would be entitled to summary judgment even if Plaintiff were able to establish his *prima facie* case. *Id.*

Accordingly, the Court grants summary judgment in Defendants' favor with respect to all of Plaintiff's disparate treatment claims related to his discharge from Deneen.

### B. Disparate Treatment Claims Based on Failure to Hire

Next, Plaintiff alleges that the Board and AUSL discriminated against him on the basis of race and age by failing to rehire him after his discharge from Deneen. 3d Am. Compl. ¶¶ 94, 108, 140, 147, 157, 173, 182, 196. To establish a *prima facie* claim of discriminatory failure to hire under § 1981 or § 1983,[3] a plaintiff must show that (1) he is a member of a protected class, (2) he applied for an open position for which he was qualified, (3) the employer rejected him from that position, and (4) the employer either filled the position with a similarly situated individual outside of the plaintiff's protected class or left the position vacant. *See, e.g.*, *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1110 (7th Cir. 2004).

---

[3] A plaintiff may only bring Title VII or ADEA claims not first alleged in an EEOC charge if the claims are "reasonably related" to the charge. *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The Seventh Circuit has held that a claim for discriminatory failure to hire is not reasonably related to a claim for discriminatory termination. *See Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). Accordingly, because Plaintiff's Title VII and ADEA claims for failure to hire are not within the scope of his EEOC charge, the Court considers only his § 1981 and § 1983 claims here. *See* 3d Am. Compl., Ex. D. Even if Plaintiff's Title VII and ADEA claims for failure to hire were within the scope of his EEOC charge, analysis of those claims and their *prima facie* elements would be identical to the Court's analysis of his § 1981 and § 1983 claims. *See Koszola*, 385 F.3d at 1110; *Caldwell v. Nat'l Ass'n of Home Builders*, 771 F.2d 1051, 1056 n.2 (7th Cir. 1985).

Although Plaintiff satisfies the first element, he has failed to establish the second, third, and fourth *prima facie* elements of his claims for discriminatory failure to hire. First, he did not apply for a position at Deneen after the school's reconstitution. AUSL's LR 56.1(a)(3) Stmt. ¶ 21. Although Plaintiff argues in his response to Defendants' motion for summary judgment that he did in fact apply for a position, this bare assertion is unsupported by the record and is expressly contradicted by Plaintiff's own sworn testimony. *See* Board's LR. 56.1(a)(3) Stmt., Ex. A, Pl.'s Dep. at 118-21. Furthermore, even if Plaintiff could show that he applied for his former position after his discharge from Deneen, he has not shown that Defendants either filled the position with a similarly situated individual outside of Plaintiff's protected class or left the position vacant. *See id.* at 111. (Plaintiff stated during his deposition: "I don't even know whether it was a Caucasian American that replaced me or not. I have no idea who replaced me."). Because Plaintiff has failed to make his *prima facie* case, Defendants are entitled to summary judgment on his claims for discriminatory failure to hire.

As with Plaintiff's discriminatory termination claims, Defendants would be entitled to summary judgment with respect to Plaintiff's failure to hire claims even if Plaintiff were able to establish a *prima facie* case, because Defendants have offered a nondiscriminatory reason for failure to hire: Plaintiff was not rehired because he never applied for a position at Deneen after its reconstitution. AUSL's LR 56.1(a)(3) Stmt. ¶ 21. Because Plaintiff has not offered a theory, much less produced any evidence, tending to show that this explanation is pretextual, Defendants would be entitled to summary judgment even if Plaintiff were able to establish a *prima facie* case. *See, e.g.*, *Naficy*, 697 F.3d at 512. Accordingly, the Court grants summary judgment in

9

Defendants' favor with respect to all of Plaintiff's disparate treatment claims related to Defendants' failure to rehire him for a position at Deneen.[4]

## II. Title VII Disparate Impact Claim

Plaintiff alleges that the Board's decision to reconstitute Deneen had a disparate impact on African American employees because the reconstitution process "target[s] schools in predominantly low-income neighborhoods." 3d Am. Compl. ¶ 127. To make a *prima facie* showing of disparate impact, a plaintiff must (1) "isolate and identify the specific employment practices that are allegedly responsible for any observed statistical disparities," and (2) "establish a causal connection between the employment practice and the statistical disparity, offering statistical evidence of a kind and degree sufficient to show that the practice in question has caused" a disparate impact. *Bennett v. Roberts*, 295 F.3d 687, 698 (7th Cir. 2002) (internal quotation marks and citations omitted).

Although Plaintiff alleges generally that the reconstitution process disproportionately affects African American employees, Plaintiff has not offered a single piece of statistical support for this claim. A review of the record reveals no information whatsoever regarding any other school the Board has selected for reconstitution, where those schools are located, or whom those reconstitutions have impacted. Neither do the documents reveal any numerical data about the racial demographics of Deneen's staff after the school's reconstitution. Rather than providing such statistics, Plaintiff merely states generally that "Deneen Staff was replaced with white or non black America [sic]," without offering any evidence to support this claim. *See* Pl.'s Resp. Mot. 7. With no evidence that Defendants' practices and policies have resulted in a statistically significant impact on African American employees, Plaintiff cannot establish a *prima facie* case

---

[4] Because Plaintiff has failed to make a *prima facie* case for his disparate treatment claims based on failure to hire, the Court need not reach the issue of whether AUSL qualifies as a state actor for purposes of § 1981 and § 1983. *See* AUSL's Mem. Supp. Mot. Summ. J. 6-7.

of disparate impact. *See Adams v. City of Indianapolis*, 742 F.3d 720, 735 (7th Cir. 2014) (affirming summary judgment in the defendant's favor when the plaintiffs' had produced no statistical evidence of disparate impact).

Consequently, the Court grants the Board's motion for summary judgment with respect to Plaintiff's Title VII disparate impact claim.[5]

## **Conclusion**

For the reasons stated herein, the Court grants Defendants' motions for summary judgment [261] [267] with respect to all of Thornell Hunter's claims. This case is hereby terminated.

**SO ORDERED**  ENTER: 7/24/14

**JOHN Z. LEE**
**United States District Judge**

---

[5] Given that Plaintiff's claim fails on the merits, assuming *arguendo* that the claim is within the scope of his EEOC charge, the Court does not address the question of whether the claim is "reasonably related" to the charge so as to fall within its scope. *See Cheek*, 31 F.3d at 500.